## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JAMES HARRIS,  )
      Plaintiff,  )
  )
  )
    v.  )    C. A. No. 16-089-M-LDA
  )
INVESTIGATOR D. PERRY, LT.  )
MARCO, CPT. JAMES HOLLIS,  )
WARDEN VIERRA, JAMES WEEDEN,  )
and ASHBEL T. WALL, II,  )
      Defendants.  )

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss James Harris' 42 U.S.C. § 1983 action. ECF No. 33. Mr. Harris, an inmate at the Adult Correctional Institution, alleges various due process, equal protection, and Eighth Amendment claims that arise from his conviction and punishment for narcotics trafficking into the ACI.

This is not Mr. Harris' first civil action with regard to these matters. He filed suit against the same individuals in this Court in 2015. *Harris v. Investigator Perry, et al.*, C.A. No. 15-222-ML. Defendants filed a motion to dismiss, which was granted but with leave to amend the complaint. Mr. Harris objected to the granting of the motion to dismiss and filed an amended complaint. The Court again dismissed his complaint, relying on its review of the pleadings and Magistrate Judge Patricia A. Sullivan's Report and Recommendation, finding that his

complaint failed to state any viable constitutional claim.  *Id.*, ECF No. 9.  The Court

held that

> although Harris has expanded on his factual allegations, his
> pleadings again fall short in stating a claim upon which relief can be
> granted.  As the Magistrate Judge pointed out in her thorough R&R, in
> order to state a viable claim, Harris was required to make plausible
> allegations that the sanctions imposed on him for the drug trafficking
> charge was "atypical" and imposed a "significant hardship" on him, or
> that he was subjected to "inhumane conditions" by prison officials who
> acted with "deliberate indifference."  R&R at 8.  None of the facts
> asserted in the Amended Complaint amount to [footnote omitted] such
> allegations. Instead, Harris concedes that (1) his visitor was found to
> have narcotics on her person while entering minimum security; (2) he
> received a hearing before the disciplinary board which found him
> guilty of a narcotics trafficking charge; and (3) after Harris appealed to
> the warden, he received a second disciplinary hearing in which he was
> found guilty of the same charge.
>
> Harris's complaint that, compared to "the ordinary quality of
> prison life in a minimum security facility," his current segregation at
> maximum security and loss of visitation and good time, "create an
> atypical and significant hardship" is insufficient to form the basis of a
> constitutional violation claim.   Likewise, Harris's claims of prison
> officials' failure to act and of malicious intent and prosecution are
> limited to the same allegations asserted in his original complaint and
> they are factually unsupported and insufficient to form the basis of a
> claim.
>
> In sum, because Harris's Amended Complaint suffers from the
> same infirmities identified by the Magistrate Judge in her R&R, and
> for the reasons stated therein, the action is dismissed.

*Id.*, ECF No. 9 at 3-4.

Mr. Harris filed this new complaint, alleging constitutional violations rooted

in the same disciplinary action and living conditions at the ACI.  Upon its review,

however, the new complaint reveals that Mr. Harris did not correct the relevant

deficiencies identified in the Magistrate Judge's Report and Recommendation or the

Court's order of dismissal.  Because this new complaint is essentially the same as

the previously dismissed complaint, the Court's findings from the 2015 case are wholly applicable to this newly filed case and this Court adopts them. Mr. Harris' complaint fails to state a claim upon which relief can be granted, this Court GRANTS Defendants' Motion to Dismiss. ECF No. 33. Defendants' Motion to Stay is DENIED AS MOOT. ECF No. 34.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge
December 13, 2016